### H. C. TIMBERLAKE v. CITY OF NEWPORT.

[Abstract Kentucky Law Reporter, Vol. 1—65.]

**Res Adjudicata.**

A demurrer sustained to a petition because it presents no cause of action does not bar another action, but when the defendant pleads and puts in issue the right of recovery, and the cause is submitted on the petition and answer and a judgment is rendered dismissing the petition, such a judgment will bar any further action on the same cause, whether proof is introduced or not.

APPEAL FROM CAMPBELL CHANCERY COURT.

May 29, 1880.

OPINION BY JUDGE PRYOR:

On the former hearing of this case involving the right of the city to recover for the identical claim for which the present judgment was rendered, the case was tried on its merits and a judgment rendered dismissing the appellee's petition. In discussing the question raised in this court, involving the sufficiency of the pleading on the part of the city, it was held that the petition was defective by reason of the failure to make certain averments; still, with the answer

filed, the case might have been disposed of on the merits, and was doubtless so adjudged by the court below. The allegations of the petition were traversed by the answer, and the liability of the appellant to the city placed directly in issue.

A demurrer was interposed to the answer and overruled, and the appellee, the city, regarding the answer as presenting no defense, submitted the case on the petition and answer and a judgment was rendered for the defendant, and of course involved the right of recovery. A demurrer sustained to a petition because it presents no cause of action constitutes no bar to another action; but where the defendant pleads and places in issue the right of recovery the case is then ready for proof, and a submission on the petition and answer and a judgment thereon dismissing the petition is as much a bar as if proof had been introduced on each side of the case. The whole merits of the cause could have been tried on the issue made, and were in fact tried when the statements of the answer were admitted as true.

An issue of fact was certainly made by the answer of the defendant; and the city, relying on the pleadings as conclusive of the right to recover, submitted the case. This was a trial on the merits, and the plea in bar should have been sustained. This court on affirming the judgment may have and did determine that the petition was insufficient; but still the defendant was entitled to demand a trial on the facts. When conceding the statements of the answer to be true for the purposes of a hearing it is now too late for the plaintiff to question the sufficiency of its own complaint.

Judgment *reversed* and cause remanded with directions to dismiss the petition and give to the appellant his judgment for costs.

*F. M. Webster*, for appellants. *A. T. Root*, for appellee.

[Cited, *Covington v. Taffee*, 24 Ky. L. 373, 68 S. W. 629.]